UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

JAY GREGORY MATHIS,

    Petitioner,

v.

GARY ROSE,

    Respondent.

Civil Action No. 7:22-117-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

    Federal inmate Jay Gregory Mathis filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. The Respondent then filed a response in opposition to Mathis's petition. [R. 9]. Mathis now moves for an extension of time to file his reply brief in support of his petition. [R. 11]. The Court has reviewed Mathis's submissions and will deny both his request for an extension of time and his § 2241 petition given the fact that he currently has an application for leave to file a second or successive 28 U.S.C. § 2255 petition pending with the United States Court of Appeals for the Third Circuit.

    In 2012, a jury convicted Mathis of multiple federal crimes, including but not limited to attempted armed bank robbery and being a felon in possession of a firearm. *See United States v. Jay Gregory Mathis*, No. 2:09-cr-00339-DWA-1 (W.D. Pa. 2012). The trial court then sentenced Mathis to 600 months in prison. *See id.* at R. 169. Mathis appealed, but the Third Circuit affirmed the trial court's judgment. *See id.* at R. 197-1. Mathis then moved to vacate his sentence pursuant to 28 U.S.C. § 2255, *see id.* at R. 201, but the trial court denied his motion, *see id.* at R. 234, and the Third Circuit denied him a certificate of appealability, *see id.* at R. 237.

Eventually, in November of 2022, Mathis mailed to the Third Circuit an application for leave to file a second or successive § 2255 petition. *See In re: Jay Mathis*, No. 22-3433, at R. 1 (3d Cir. 2022). In that filing, Mathis argues that least some of his underlying federal convictions (and his corresponding sentence) should be vacated in light of the United States Supreme Court's recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). The Third Circuit ordered Mathis to provide additional arguments and documents in support of his submission and extended his time to do so. *See In re: Jay Mathis*, No. 22-3433, at Rs. 2, 3, 5. Mathis then provided that additional information to the Third Circuit, and his application was deemed filed on March 21, 2023. *See id.* at R. 6. As of the date of this Opinion, Mathis's application remains pending with the Third Circuit. *See id.*

Nevertheless, Mathis also went ahead and filed a § 2241 petition with this Court. [R. 1]. While Mathis's petition is somewhat difficult to follow, he is clearly asserting the same arguments that he put before the Third Circuit: that at least some of his underlying federal convictions (and his corresponding sentence) should be vacated in light of the Supreme Court's decision in *Taylor*. [*See id.*]. The Respondent then filed a response in opposition to Mathis's petition [R. 9], and Mathis now seeks more time to file a reply brief in support of his petition [R. 11].

Mathis's request of an extension of time and his § 2241 petition itself are unavailing given that his application for leave to file a second or successive § 2255 petition remains pending with the Third Circuit. At bottom, the circumstances under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition are very limited. And the United States Court of Appeals for the Sixth Circuit has said that a prisoner can only proceed in this manner if he can show, among other things, "'that he had no prior reasonable

opportunity to'" present his arguments in earlier proceedings. *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)).

Here, Mathis cannot make this showing given that the same arguments he makes to this Court are currently being considered by the Third Circuit in ongoing § 2255 proceedings. Put another way, Mathis's § 2241 petition is, at best, premature since his second or successive § 2255 application remains pending. The Sixth Circuit has made this point in similar cases, noting that it "routinely treat[s] § 2241 petitions" as premature "while a § 2255 motion is pending." *Pullen v. Ormond*, No. 18-6171 (6th Cir. Sept. 5, 2019) (involving a pending second or successive § 2255 application and a § 2241 petition). Mathis seems to acknowledge this point, suggesting in his most recent submission that it is possible his "pending § 2241 motion" may soon become "moot." [R. 11 at 1]. In light of these facts, the Court will dismiss Mathis's petition for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496-500 (characterizing the availability of § 2241 relief as a jurisdictional matter).

Accordingly, it is **ORDERED** as follows:

1. Mathis's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction.

2. All pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This 27th day of March, 2023.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY